### BECK v. BITUMINOUS CASUALTY CORPORATION et al.

#### No. 342.

United States District Court
W. D. Missouri, Central Division.

Nov. 18, 1948.

D. M. Cuthbertson, of Fulton, Mo., for plaintiff.

F. D. Wilkins, of Louisiana, Mo., for defendants.

REEVES, Chief Judge.

Counsel for the personal defendant, Gordon Turnbaugh, has filed motion to quash service. An examination of the return made by the marshal fails to show any service at all upon the personal defendant. The return of service is as follows:

"I hereby certify and return, that on the 9th day of October, 1948 I received the within summons.

(S) Gordon Turnbaugh."

There is no further recital and the return is not signed by the marshal. On the question of service, however, the plaintiff submitted an affidavit to the effect that Gordon Turnbaugh has waived service of process and voluntarily entered his appearance in the case. I do not think this question important for the reason that upon the pleadings it may be questioned whether any liability is alleged against Gordon Turnbaugh.

On the motion for summary judgment the record does not disclose that the defendant, Bituminous Casualty Corporation, is entitled to have such motion sustained. The amended complaint contains recitals that said defendant had granted to the plaintiff collision insurance on his motor vehicle. While the policy was in force a collision occurred and the corporate defendant's agent was notified of the fact. Through a local agent it undertook to make repairs on the automobile which, according to the averments of the complaint, was its duty under its policy contract. In the meantime plaintiff brought suit against persons whose negligence caused the collision and recovered a judgment against them. The judgment was

paid. It was more than the cost of the repairs but it was argued by the plaintiff that the net received by him was not sufficient to pay for the repairs. This presented an issue of fact.

Moreover, Rule 8 of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides for affirmative defenses such as payment and that, too, shall be set forth affirmatively. This has been done by the corporate defendant, Bituminous Casualty Corporation, and in that particular the issue will be whether the full payment was made by the defendant or some one for it of the entire claim. There is, however, another question in the case and that is whether the defendant was obliged to repair the automobile under its contract and return the same to the plaintiff. Such are the averments of his complaint. The issues raised by the pleadings and the admitted facts do not support the motion for summary judgment and same should be denied because of the issuable facts in the case. An order should be made overruling said motion.